**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LAWRENCE HOLLIN, Derivatively on Behalf of Nominal Defendant SUPER MICRO COMPUTER, INC., <br><br> Plaintiff, <br><br> v. <br><br> CHARLES LIANG, SARA LIU, DANIEL W. FAIRFAX, TALLY LIU, SHERMAN TUAN, JUDY LIN, ROBERT BLAIR, YIH-SHYAN LIAW, SUSIE GIORDANO, SHIU LEUNG CHAN, MICHAEL S. MCANDREWS, HWEI-MING TSAI, SARIA TSENG and DAVID WEIGAND, <br><br> Defendants, <br><br> and <br><br> SUPER MICRO COMPUTER, INC., <br><br> Nominal Defendant. | Case No. 5:24-cv-06410-EJD <br><br> [PROPOSED] **ORDER GRANTING PLAINTIFFS LAWRENCE HOLLIN, RAMIL LATYPOV, GEORGE KERITSIS, ANAND ROY, AND MITHILESH K. JHA'S MOTION TO CONSOLIDATE RELATED DERIVATIVE ACTIONS AND TO APPOINT CO-LEAD COUNSEL** <br><br> DATE: March 6, 2025 <br> TIME: 9:00 a.m. <br> CTRM: 4 <br> JUDGE: Judge Edward J. Davila |

[*Caption continued on following pages*]

---

| | |
|---|---|
| RAMIL LATYPOV, Derivatively on Behalf of SUPER MICRO COMPUTER, INC., <br><br> Plaintiff, <br><br> v. <br><br> CHARLES LIANG, SARA LIU, DANIEL W. FAIRFAX, TALLY LIU, SHERMAN TUAN, JUDY LIN, ROBERT BLAIR, WALLY LIAW, SHIU LEUNG (FRED) CHAN, and DAVID WEIGAND, <br><br> Defendants, <br><br> and <br><br> SUPER MICRO COMPUTER, INC., <br><br> Nominal Defendant. | Case No. 5:24-cv-06779-EJD |
| GEORGE KERITSIS, Derivatively on Behalf of Super Micro Computer, Inc., <br><br> Plaintiff, <br><br> vs. <br><br> CHARLES LIANG, SARA LIU, DANIEL W. FAIRFAX, TALLY LIU, SHERMAN TUAN, JUDY LIN, ROBERT BLAIR, WALLY LIAW, SUSIE GIORDANO, AND DAVID E. WEIGAND, <br><br> Defendants, <br><br> and <br><br> SUPER MICRO COMPUTER, INC., <br><br> Nominal Defendant. | Case No. 5:24-cv-07753-EJD |

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION TO CONSOLIDATE
RELATED DERIVATIVE ACTIONS AND TO APPOINT CO-LEAD COUNSEL

| | |
|---|---|
| ANAND ROY, derivatively on behalf of SUPER MICRO COMPUTER, INC., <br><br> Plaintiff, <br><br> v. <br><br> CHARLES LIANG, SARA LIU, DANIEL W. FAIRFAX, TALLY LIU, SHERMAN TUAN, JUDY LIN, ROBERT BLAIR, YIH-SHYAN LIAW, SHIU LEUNG CHAN, MICHAEL S. MCANDREWS, HWEI-MING TSAI, SARIA TSENG, and DAVID WEIGAND, <br><br> Defendants, <br><br> and <br><br> SUPER MICRO COMPUTER, INC., <br><br> Nominal Defendant. | Case No. 5:24-cv-08006-EJD |
| DR. MITHILESH K. JHA, Derivatively on Behalf of SUPER MICRO COMPUTER, INC., <br><br> Plaintiff, <br><br> v. <br><br> CHARLES LIANG, SARA LIU, DANIEL W. FAIRFAX, TALLY LIU, SHERMAN TUAN, JUDY LIN, ROBERT BLAIR, WALLY LIAW, SHIU LEUNG (FRED) CHAN, and DAVID WEIGAND, <br><br> Defendants, <br><br> and <br><br> SUPER MICRO COMPUTER, INC., <br><br> Nominal Defendant. | Case No. 5:24-cv-08792-EJD |

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION TO CONSOLIDATE
RELATED DERIVATIVE ACTIONS AND TO APPOINT CO-LEAD COUNSEL

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Consolidate Related Derivative Actions and to Appoint Co-Lead Counsel is **GRANTED**.

**IT IS FURTHER ORDERED THAT:**

1. The above captioned actions shall be consolidated for all purposes pursuant to Rule 42(a) of the Federal Rules of Civil Procedure (the "Consolidated Action").

2. The Consolidated Action shall bear the following caption:

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: SUPER MICRO COMPUTER, INC. DERIVATIVE LITIGATION | Lead Case No. 5:24-cv-06410-EJD |

3. All papers filed in connection with the Consolidated Action shall be filed only in Case No. 5:24-cv-06410-EJD.

4. This Order shall apply to this Consolidated Action and any future-filed actions relating to the subject matter of this case. ~~All actions subsequently filed in or transferred to this Court that involve common questions of law or fact to those contained in this Consolidated Action shall be automatically consolidated into the Consolidated Action.~~ When a case that properly belongs as part of this Consolidated Action is subsequently filed in or transferred to this District, counsel in this Consolidated Action shall promptly file a notice of consolidation in both this Consolidated Action and the subsequently filed or transferred action. The parties in the subsequently filed or transferred action may file an objection to consolidation in this Consolidated Action within ten (10) days of receiving notice. If no objections are filed, the subsequently filed or transferred action shall be consolidated into this Consolidated action under the terms of this Order. ~~When a case that properly belongs as part of the Consolidated Action is hereafter filed in this Court, this Court requests the assistance of counsel in calling to the attention of the Court such filing, and counsel are to assist in assuring that counsel in subsequent actions receive notice of this Order.~~

5. The law firms of Rigrodsky Law, P.A. and Gainey McKenna & Egleston are appointed as Co-Lead Counsel for plaintiffs in the Consolidated Action.

6. Wolf Haldenstein Adler Freeman & Herz, LLP is appointed as Liaison Counsel.

7. Co-Lead Counsel shall have the sole authority to speak for plaintiffs in all matters in the Consolidated Action. Co-Lead Counsel shall be responsible for coordinating all activities and appearances on behalf of plaintiffs. No motion, request for discovery, or other pre-trial or trial proceedings shall be initiated or filed by any plaintiff except through Co-Lead Counsel, so as to

prevent duplicative pleadings or discovery by plaintiffs. No settlement negotiations shall be conducted without the approval of Co-Lead Counsel.

8. Service upon any plaintiffs of all pleadings, motions, or other papers in the Consolidated Action shall be completed upon service of Co-Lead and Liaison Counsel.

9. Defendants' counsel may rely upon all agreements made with Co-Lead Counsel or other duly authorized representatives of Co-Lead Counsel, and such agreements shall be binding on all plaintiffs in the Consolidated Action.

10. The dockets at 5:24-cv-06779, 5:24-cv-07753, 5:24-cv-08006, and 5:24-cv-08792 (the "Related Actions") shall be terminated in accordance with the regular procedures of the Clerk of this Court, and any pending schedules, deadlines, or dates in those cases shall be VACATED. All papers previous filed and served to date in the Related Actions are part of the record in 5:24-cv-06410.

11. Each attorney who has already made an appearance or been admitted pro hac vice in any of the Related Actions shall be deemed admitted in *In re: Super Micro Computer, Inc. Derivative Litigation*, No. 5:24-cv-06410.

12. An original of this Order shall be filed by the Clerk in each of the above-captioned cases.

Dated: January 14, 2025

_____
THE HONORABLE EDWARD J. DAVILA
UNITED STATES DISTRICT COURT JUDGE